Taet, J.,
concurring. I concur in the judgment and in paragraph two of the syllabus but regret that I can not concur in the balance of the syllabus or in the majority opinion because they are based upon the theory that the plaintiff was a holder in due course. In my opinion, it was not necessary in the instant case for the plaintiff to establish that he was a holder in *195 due course. Furthermore, I doubt whether the evidence would justify the conclusion that the plaintiff was a holder in due course.
As the majority opinion states, defendant had the maker sign the form note, took this note to the plaintiff’s office where the proper figures were inserted in the proper places, and the note was then indorsed by the defendant. To use the words of plaintiff’s brief in this court, “the note was taken to plaintiff, where plaintiff caused the same to be filled in as regards the amount and the payee. ’ ’
Under sueh circumstances I can not see how it can be held that the plaintiff is one who, to use the words of Section 8157, General Code, “has taken the instrument under * * * conditions * * * that it is complete and regular upon its face.’? While the plaintiff might thereafter be able to negotiate the note to a holder in due course, plaintiff was certainly not such a holder.
However, since the note was, to use the words of Section 8119, General Code, “filled up strictly in accordance with the authority given and within a reasonable time,” the note “when completed may be enforced against” even one “who became a parly thereto prior to its completion.”
By reason of the provisions of Section 8170, General Code, the defendant warranted “that all prior parties had capacity to contract. ’ ’
The statutory language used in that section of the Uniform Negotiable Instruments Act clearly indicates that the right to enforce that warranty may be asserted by a holder who is not a holder in due course.
Thus, Section 8170, General Code, provides in part:
“Every person negotiating an instrument by delivery or by a qualified indorsement warrants:
í í ^ w
“3. That all prior parties had capacity to contract.
“4. That he has no knowledge of any fact which *196 would impair the validity of the instrument or render it valueless.
“But when the negotiation is by delivery only, the warranty extends in favor of no holder other than the immediate transferee.
“* * V’ (Emphasis added.)
On the other hand, Section 8171, General Code, provides in part:
“Every indorser who indorses without qualification, warrants, to all subsequent holders in due course-,
“1. The matters and things mentioned in paragraphs numbered one, two and three of the next preceding section.
“2. That the instrument is at the time of his indorsement valid and subsisting.
“In addition, he engages that * * (Emphasis added.)
It is obvious from a comparison of the two foregoing sections of the General Code that the warranties provided for in Section 8170, General Code, are available to other holders than those in due course. Section 8170, General Code, states that every person negotiating an instrument “warrants” and also recognizes the warranty as extending in favor of a “holder,” whereas Section 8171, General Code, states that the more extensive warranties there involved are only to “holders in due course.” There is no language in Section 8170, General Code, which indicates that the warranties there provided for are only to holders in due course.
As the majority opinion states, the plaintiff had no notice of any incapacity, by reason of minority, of the maker of the note. By paying the defendant for the note, it is clear that the plaintiff relied on the defendant’s warranty that the maker did have capacity to contract. It necessarily follows that the plaintiff may, *197 as a holder of the note although not a holder in due course, enforce the defendant’s liability on the warranty provided for by Section 8170* General Code; and that therefore the judgment must be affirmed.